Affirmed and Memorandum Opinion filed February 26, 2008








Affirmed and Memorandum Opinion filed February 26,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00723-CR

____________

 

ROBERT EARL ELKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 48491

 



 

M E M O R A N D U M  O P I N I O N

In this appeal from his conviction for possession of a
controlled substance weighing at least one gram but less than four grams,
appellant, Robert Earl Elkins, contends he received ineffective assistance of
counsel.  Because our disposition is based on clearly settled law, we issue
this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 

 








I. Background

On July 8, 2004, Pearland Police Officer Eric Morton
stopped appellant for a routine inspection of the semi-trailer truck he was
driving.  After Officer Morton conducted the inspection, he walked appellant
around the tractor and trailer to explain various infractions.  While Officer
Morton and appellant were walking, appellant lifted his shirt to wipe sweat
from his brow.  When appellant lifted his shirt, Officer Morton observed a
small bag of cocaine fall from appellant=s waistband area.

A jury found appellant guilty of possession of a controlled
substance weighing at least one gram but less than four grams, and he was
sentenced to thirty-five years= confinement.

II. Analysis

Appellant contends his counsel was ineffective in six
instances during trial: (1) voir dire; (2) cross-examination of Officer Morton;
(3) direct examination of appellant; (4) motion for directed verdict; (5)
closing argument of the guilt/innocence phase; and (6) punishment phase.  We
disagree








To
prevail on an ineffective assistance claim, an appellant must prove (1) counsel=s performance fell below an objective
standard of reasonableness under the prevailing professional norms, and (2)
there is a reasonable probability that, but for counsel=s deficiency, the result of the
proceeding would have been different.  Strickland v. Washington, 466
U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  There is a strong presumption that counsel=s performance fell within the wide
range of reasonable professional assistance.  Thompson, 9 S.W.3d at
813.  To overcome this presumption, a claim of ineffective assistance must be
firmly demonstrated in the record.  Id. at 814.  When the record is
silent regarding trial counsel=s strategy, we will not find the performance was deficient
unless the challenged conduct was Aso outrageous that no competent
attorney would have engaged in it.@  Goodspeed v. State, 180
S.W.3d 793, 797 (Tex. Crim. App. 2005).

A.      Voir Dire

Appellant first contends his counsel was ineffective by
failing to strike a venireperson who stated he would Alean toward law
enforcement@ when evaluating credibility of witnesses.  However,
we presume counsel is better positioned than an appellate court to determine
appropriate trial strategy in the particular case, and that counsel Amade all
significant decisions in the exercise of reasonable professional judgment.@  See Delrio v.
State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992) (citing Strickland,
466 U.S. at 690).  Without additional evidence in the record concerning trial
counsel=s reasons for not
challenging or striking a venireperson, we cannot conclude the performance was
deficient.  Tello v. State, 138 S.W.3d 487, 496 n. 2 (Tex. App.CHouston [14th
Dist.] 2004), aff=d, 180
S.W.3d 150 (Tex. Crim. App. 2005).  The record contains no evidence
reflecting counsel=s reasons for not striking the
venireperson.  Consequently, appellant has failed to overcome the presumption
his counsel acted within the wide range of reasonable professional judgment.

B.      Cross-Examination

Appellant further contends his counsel=s cross
examination of Officer Morton was deficient.  Specifically, appellant argues
that two lines of inquiry constituted ineffective assistance: (1) counsel=s questions
regarding Officer Morton=s knowledge of appellant=s parolee status;
and (2) counsel=s questions regarding Officer Morton=s memory of
details surrounding appellant=s arrest. 

1.       Parolee Status








In his cross-examination of Officer Morton, appellant=s counsel inquired
whether Officer Morton knew appellant was on parole at the time of his arrest. 
Appellant argues that such questioning was deficient because it informed the
jury of his parolee status.  However, the reasons for counsel=s inquiry do not
appear in the record.  During his trial testimony, appellant essentially
claimed Officer Morton framed him by planting the cocaine near him.  Counsel
may have intended to suggest that, if Officer Morton had known about appellant=s parolee status,
he had a motive to frame appellant.  Therefore, counsel could have asked
Officer Morton about his knowledge of appellant=s parolee status
to strengthen appellant=s defense.  We acknowledge that we do not
and cannot know whether appellant=s counsel employed
this or any other strategy.  However, counsel=s questions could
have been reasonable trial strategy. Accordingly, we cannot conclude counsel
was functioning below prevailing professional norms in questioning Officer
Morton regarding appellant=s parolee status.     

2.       Bolstering

Appellant=s counsel also questioned Officer Morton
regarding his recall of the facts surrounding appellant=s arrest.  Appellant
contends counsel was deficient because he bolstered Officer Morton=s credibility by
highlighting his knowledge of the facts.  Cross-examination that bolsters
rather than challenges the prosecution=s case may amount
to ineffective assistance.  See Ex Parte Walker, 777 S.W.2d 427, 431B32 (Tex. Crim.
App. 1989).  However, proper trial strategy may consist of cross-examination
that attempt to discredit a witness by pointing out inconsistencies.  See
Josey v. State, 97 S.W.3d 687, 696 (Tex. App.CTexarkana 2003, no
pet.).  Although appellant=s counsel did elicit more detail regarding
Officer Morton=s discovery of the cocaine, Officer Morton admitted
during cross-examination that he did not see exactly where the cocaine came
from.  Consequently, appellant has not overcome the presumption that trial
counsel acted within the range of reasonable and effective assistance.

 








C.      Motion for Directed Verdict

Additionally, appellant contends his counsel was
ineffective when moving for a directed verdict.  Appellant=s counsel admitted
the State=s evidence demonstrated appellant possessed some
amount of cocaine, but he argued that the State failed to prove appellant
possessed one to four grams of cocaine, as alleged in the indictment.  However,
even assuming his counsel=s performance when moving for directed
verdict was deficient, appellant has failed to demonstrate that the result of
the proceeding would have been different.  Thompson, 9 S.W.3d at 812. 
When appellant=s counsel made his motion, the trial court had removed
the jury from the courtroom.  Consequently, counsel=s admissions to
the court could not have influenced the jury=s verdict.

D.      Direct Examination of Appellant

Next,  appellant contends his counsel=s questions to him
undermined his credibility. During direct examination, counsel=s questioning
informed the jury that appellant had been incarcerated since his arrest. 
Moreover, counsel elicited testimony that appellant had multiple convictions for
possession or delivery of cocaine.  However, the record is silent regarding
counsel=s reasons for
eliciting this testimony from appellant.  Counsel may have been attempting to
draw sympathy for appellant by showing the jury that he had been incarcerated
for almost two years while awaiting trial.  Further, by being open and honest
about appellant=s past criminal record, his counsel may
have believed it would be easier to develop his frame-up theory.  See
Robinson v. State, 85 S.W.3d 338, 342 (Tex. App.CTexarkana 2002,
pet. ref=d) (finding
strategy of being honest about past crimes to show complainant lied was
legitimate strategy).  Although we cannot know whether appellant=s counsel employed
this particular strategy, we conclude that his effort to elicit such testimony
was within the range of reasonable professional assistance.

 








E.      Closing Argument During
Guilt/Innocence Phase

Appellant further complains regarding his counsel=s statement, made
during closing arguments of the guilt/innocence phase: AI want you to test each and every
[rock of cocaine] and tell me before you send me to prison for 25 years up to
life.@  Appellant contends his counsel
acknowledged to the jury that he anticipated a guilty verdict.  However,
counsel=s statement was
not an admission of guilt.  His strategy may have been to impress upon the jury
the gravity of the decision it was about to make.  Regardless, counsel=s strategy is not
reflected in the record.  Consequently, appellant has failed to overcome the
presumption that counsel=s performance was reasonable.

F.       Punishment Phase

Lastly, appellant contends his counsel was ineffective in
two instances during the punishment phase of trial: (1) failing to present
mitigating evidence; and (2) presenting an Aunderstated@ closing
argument.  

1.       Mitigating Evidence

Counsel=s failure to present mitigating evidence,
without more, is insufficient to prove ineffective assistance.  See Bone v.
State, 77 S.W.3d 828, 834B35 (Tex. Crim. App. 2002). Appellant must
identify mitigating evidence that was available, but not mentioned.  See
id. (finding the record failed to demonstrate mitigating evidence was
available and appellant did not bring forth any mitigating evidence). 
Appellant has failed to demonstrate any mitigating evidence was available for
his counsel to present at trial.  Therefore, we cannot conclude counsel=s actions were
unreasonable.

2.       Closing Argument








Finally appellant claims that his counsel=s Aunderstated@ closing argument
during the punishment phase of trial constituted ineffective assistance.  In
his closing argument,  counsel informed the jury that it was Agoing to decide
what happens with the rest of [appellant=s] life.@  Counsel also
asserted the only victim of appellant=s crime was
appellant himself, and he emphasized that there was no evidence appellant
possessed any violent tendencies.  Counsel asked the jury to consider these
facts as it contemplated sentencing.  

Closing argument is where strategy is most evident.  Thompson
v. State, 915 S.W.2d 897, 904 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d). Here, we are limited to determining
whether an attorney=s actions are without any plausible
basis.  Id.  It is plausible that counsel believed the best strategy
might be brevity and openness in an attempt to mitigate punishment.  See
Flemming v. State, 949 S.W.2d 876, 881 (Tex. App.CHouston [14th
Dist.] 1997, no pet.) (finding counsel may have believed the best strategy in
the closing argument was to be brief and appear open and honest).  The record
in this case is silent regarding counsel=s strategy with
respect to the content of his closing argument.  Consequently, we cannot
conclude appellant has shown that his counsel was ineffective. 

In sum, we find appellant has not overcome the presumption
that trial counsel=s actions were within the wide range of
reasonable professional assistance or demonstrated there was a reasonable
probability that, but for counsel=s deficient
performance, the result of the proceeding would have been different.  

Appellant=s sole issue is overruled.  Accordingly,
we affirm the judgment of the trial court.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed February 26, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).