

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00053-CR

PAIGE LOUIS MOLISH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 3
Tarrant County, Texas[1]
Trial Court No. 0926958R, Honorable Robb Catalano, Presiding

July 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Paige Louis Molish appeals from the trial court's order granting the State's motion for a finding of no reasonable probability of non-conviction based on post-conviction DNA testing results. Appellant contends that the DNA testing results are

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

exculpatory because testing established that another person was involved in the aggravated assault of the victim. We affirm the order of the trial court.

## BACKGROUND

Appellant was convicted of aggravated assault with a deadly weapon in December of 2004, and was sentenced to fifty years' incarceration. The Waco Court of Appeals overruled his sole issue and affirmed his conviction and sentence. *See Benner v. State*, No. 10-05-00057-CR, 2006 Tex. App. LEXIS 2977, at *6 (Tex. App.—Waco Apr. 12, 2006, pet. ref'd) (mem. op.).[2] In April of 2020, Appellant filed a motion for DNA testing on biological materials. The State filed a response advising the trial court that cuttings from a glove recovered from the crime scene remained available for DNA testing and conceded that new DNA testing should be performed on the cuttings. The trial court granted the motion and the testing was conducted. The new DNA testing revealed that, in addition to Appellant's and the victim's DNA, an unidentified third person's DNA was on the gloves.

The State filed a motion for a finding that the new DNA testing results would not produce a reasonable probability of Appellant's non-conviction. Following a hearing on the State's motion, the trial court granted the State's motion and found that the new DNA results did not create a reasonable probability that Appellant would not have been convicted had the results been available at the time of Appellant's conviction. Appellant timely appealed from this order.

---

[2] According to the underlying judgment of this case, Appellant is known as both Paige Louis Benner and Paige Louis Molish.

2

Appellant's sole issue on appeal contends that the trial court erred in granting the State's motion for a finding that the DNA results did not produce a reasonable probability of Appellant's non-conviction.

## STANDARD OF REVIEW

After examining the results of DNA testing, "the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." TEX. CRIM. PROC. CODE ANN. art. 64.04. When reviewing this finding, we apply a bifurcated standard of review. *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019). We afford almost total deference to the trial court's resolution of historical facts and mixed questions that turn on credibility and demeanor, while reviewing mixed questions that do not turn on credibility and demeanor and questions of law de novo. *Id.* When the trial court does not enter separate findings, a reviewing court implies findings necessary to support the ruling so long as they are reasonably supported by the record. *Id.*

We review the entire record available to and considered by the trial court in making its ruling, including testimony from the original trial. *Asberry v. State*, 507 S.W.3d 227, 228–29 (Tex. Crim. App. 2016). The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would have meant that the defendant would not have been convicted is an application-of-law-to-fact question that does not turn on credibility and demeanor and is, therefore, reviewed de novo. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

**ANALYSIS**

In the present case, the new DNA test results did not exclude Appellant as a donor of DNA found on the glove. Rather, the new testing indicated only that an unidentified third person (other than the victim and Appellant) was a source of DNA material found on the glove.

"'Exculpatory results' means only results excluding the convicted person as the donor of the DNA." *Hall v. State*, 569 S.W.3d 646, 655–56 (Tex. Crim. App. 2019); *Reed v. State*, 541 S.W.3d 759, 774 (Tex. Crim. App. 2017). Because the new DNA testing results do not exclude Appellant as a donor of DNA, they are not exculpatory. In fact, the new testing confirms that Appellant contributed DNA to the gloves, which bolsters the victim's testimony that Appellant was her assailant.

The convicted person must show, by a preponderance of the evidence, that he would not have been convicted if the proposed testing's exculpatory results had been available at the time of his trial. *Reed*, 541 S.W.3d at 774. Whether the DNA of a third party will meet this burden depends on the circumstances of the case. *Hall*, 569 S.W.3d at 656. "[E]ven when the presence of a third party's DNA may tend to be exonerating, the convicted person's burden will not be satisfied 'if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing.'" *Id.* (quoting *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010)). In the present case, evidence presented at trial established that Appellant dug a hole underneath the victim's home and entered it through a trap door. Appellant held the victim hostage at knifepoint, threatened to cut off different body parts, bound her with duct tape,

4

and cut her multiple times before the victim was able to talk her way out of the situation. *See Benner*, 2006 Tex. App. LEXIS 2977, at *1–2. Even considering the new DNA testing results, substantial evidence of Appellant's guilt was presented at his trial. *See Vasquez v. State*, No. 13-14-00508-CR, 2015 Tex. App. LEXIS 7300, at *7 (Tex. App.—Corpus Christi/Edinburg July 16, 2015, no pet.) (mem. op., not designated for publication) (complainant's testimony sufficient to support conviction); *Robinson v. State*, 85 S.W.3d 338, 340–41 (Tex. App.—Texarkana 2002, pet. ref'd) (same).

Finally, the presence of a third party's DNA does not alter the DNA evidence establishing that Appellant was at the victim's home at the time of the offense, consistent with the victim's testimony of the assault. *See Flores v. State*, 491 S.W.3d 6, 10 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (even if evidence implies another's presence, it does not exclude convicted person from having committed offense or reasonably establish that he would not have been convicted); *Dudley v. State*, No. 01-20-00175-CR, 2021 Tex. App. LEXIS 8415, at *9 (Tex. App.—Houston [1st Dist.] Oct. 19, 2021, pet. ref'd) (mem. op., not designated for publication) (presence of third party's DNA on complainant's underwear and vaginal swab does not establish reasonable probability of non-conviction where complainant identified defendant as person who assaulted her).

## CONCLUSION

For the foregoing reasons, we overrule Appellant's sole issue and affirm the trial court's order.

Judy C. Parker
Justice

Do not publish.

5